# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 07-93V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
N.W.,                                          *
                                               *    Filed:  July 13, 2018
                Petitioner,                    *
                                               *    Special Master Corcoran
        v.                                     *
                                               *
SECRETARY OF HEALTH AND                        *    Motion for Redaction;
HUMAN SERVICES,                                *    Untimely Request;
                                               *    Redaction of Minor's Name.
                Respondent.                    *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Scott W. Rooney,* Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.

*Linda S. Renzi,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## ORDER GRANTING MOTION TO AMEND CAPTION[1]

On February 8, 2007, Alice Wachol filed this action on behalf of her minor child, N.W., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"[2]). Petition ("Pet.") (ECF No. 1). Petitioner alleged that N.W. suffered developmental delays, physical injuries, and development of autism as a result of the diphtheria-pertussis-tetanus ("DPT") and measles-mumps-rubella ("MMR") vaccines. *See generally* Petition ("Pet.") at ¶ 12.

---

[1] Although I have not designated this Order for publication, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Ruling will be available in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On May 14, 2008, the Special Master to whom the case was originally assigned issued his decision dismissing the case. ECF No. 17 ("Decision"). The Special Master determined that N.W. started showing symptoms of autism outside the 36-month period preceding February 8, 2007, the date the petition was filed, and thus Petitioner's claim was barred by the statute of limitations. Decision at 5.

This case remained dormant for nearly 10 years until February 21, 2018, when Petitioner filed the instant Motion to Amend and Redact pursuant to Rule 18(b). *See* Motion (ECF No. 20) ("Mot."). This case was originally filed with the full name of Petitioner's son – before Vaccine Rule 16(b) was amended to require claimants to reference minors in Vaccine Program petitions only by their initials. Vaccine Rule 16(b). As the Rules Committee Notes reveal, prior to the 2011 Amendment of the Vaccine Rules, subsection (b) of Rule 16 did not exist. Indeed, the notes state "**Rule 16.** Subdivision (b) has been added to provide privacy protection in the caption of all petitions filed on behalf of a minor, consistent with the requirement of RCFC 5.2(a)." (emphasis in original).

Now, N.W. has reached the age of majority – an occasion that would commonly obviate the need for redaction. However, Petitioner expresses concern that an online search of N.W.'s name will reveal a link to the decision that has been posted online, and that this constitutes an unwarranted invasion of privacy because "her son's future educational and employment opportunities may be adversely affected" by disclosure. Mot. at 2. Petitioner therefore seeks to have the decision redacted or, in the alternative, to amend the caption to read "A.W., as Next Friend of N.W., a Minor," or to seal the records such that confidential medical information cannot be accessed online. *Id.*

Respondent reacted to the Motion on July 13, 2018. Response, ECF No. 24. In his filing, Respondent articulates the standards for redaction of information in decisions by the Office of Special Masters discussed below, before ultimately deferring to my discretion as to what remedy strikes the appropriate balance between the public and private interests in this case. *Id.* at 5-6.

The matter is now ripe for disposition. For all the reasons that follow, I find that Petitioner has established sufficient grounds for amending the caption of the case. Therefore, Petitioner's motion is **GRANTED**.

## ANALYSIS

Petitioner's Motion to amend or redact argues that under Section 12(d)(4)(B) of the Vaccine Act, redaction of some sort is appropriate because disclosure would constitute an unwarranted invasion of privacy. Some discussion of the relevant legal standards governing

petition information, and what is deemed appropriate for redaction (or not), is required to determine if Petitioner herein has made a case for redacting the Ruling or amending the caption.

In the Vaccine Program, the records and pleadings filed in connection with a petitioner's claim are consistently treated as confidential. *See, e.g.*, Vaccine Rule 18(a); 42 U.S.C. § 300aa-12(d)(4)(A) ("Information submitted to a special master or the court in a proceeding on a petition may not be disclosed to a person who is not a party to the proceeding without the express written consent of the person who submitted the information"). Until such time as an entitlement decision (or any other reasoned decision or ruling that might disclose arguably confidential information) issues, **all** court filings may be viewed only by the parties, the judge or special master to whom the case is assigned, or other special masters. 42 U.S.C. § 300aa-12(d)(4)(A); *see also Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2012 WL 4450835, at *2 (Fed. Cl. Spec. Mstr. June 25, 2012).

Once a special master issues a written decision or ruling, information related to the case will foreseeably be disclosed therein. Nevertheless (and as explicitly recognized in the first footnote of this order), the parties are afforded the opportunity to object to the disclosure of information that they consider private or confidential by requesting redaction of such information. 42 U.S.C. § 300aa12(d)(4)(B); Vaccine Rule 18(b). Those categories of information include "medical files and similar files" (Vaccine Rule 18(b)(2)), although decisions by other special masters, as well as the Court of Federal Claims, have also construed a petitioner's name to be properly subject to redaction in some circumstances. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-62 (Fed. Cl. 2011) (analogizing the Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act ("FOIA"), claimant's name was properly subject to redaction form decision); *A.K. v. Sec'y of Health & Human Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (same); *but see Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011) (petitioners not entitled to redact their names from decision where they failed to establish compelling grounds for so doing).

As I have noted in past decisions concerning redaction, *W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redactions should be. Applying the *Langland* standard, special masters have held that a petitioner seeking redaction of a ruling or decision must establish a "compelling reason, tailored to meet the individual interest it serves" – a general preference for privacy is not enough. *Andrews v. Sec'y of Health & Human Servs.*, No. 08-0396V, 2014 WL 3294656, at *5 (Fed. Cl. Spec. Mstr. June 4, 2014) (quoting *Langland*, 2011 WL 802695, at *7-8). Based on the language of the Vaccine Act itself, and the provisions in it discussing redaction, "a petitioner requesting redaction of a decision must [] make an affirmative, factual showing that redaction is proper" to prevail. *See Castagna v. Sec'y of Health & Human Servs.*, No. 999-411V, 2011 WL 4348135, at *10 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

*W.C.*, by contrast, emphasizes that a petitioner's privacy interests should be balanced against "the public purpose of the Vaccine Act" in the same manner as such interests are balanced under the FOIA (given the similarities of its privacy provisions). *W.C.*, 100 Fed. Cl. at 460-61. In so doing, "unwarranted" or "significant" invasions of privacy occasioned by disclosure of sensitive information weigh in favor of redaction. *Id.* The standard *W.C.* applies to redaction requests is thus somewhat more lenient, as it asserts that the "right to access public records in civil cases" favoring the disclosure of names and other sensitive information need not be as carefully guarded in Vaccine Program cases, which are statutorily intended to be more summary and less adversarial in nature. *Id.* at 460. As *W.C.* reasons, because Vaccine Program decisions serve the purpose of disseminating information about possibly adverse vaccine reactions, disclosure of a petitioner's name or information about her illness is not always necessary to effectuate that purpose. *Id.*

The first matter is to determine whether Petitioner has made a sufficient showing under either standard set forth *W.C.* or *Langland*. To begin, I must look at the history of the Vaccine Rules to provide context, as the rules of this Court were very different at the time the petition was originally filed in 2007. Ms. Wachol did not have the opportunity to avail herself of Rule 16(b)'s protection of a minor's privacy at the time that she originally filed the petition in 2007. Were the petition to be filed today, N.W.'s initials would be redacted in the caption simply as a matter of course. It would be somewhat unjust to deprive him of a protection of privacy that is afforded to all minors named in Vaccine Act cases, simply because the Vaccine Rules were not as developed at the time the Petition was filed as they are now.[3]

Petitioner has also offered a compelling reason for redaction at this late stage. N.W. is now at an age where he is applying for colleges and/or employment opportunities. Mot. at 2. In spite of his diagnosis more than 15 years ago, Petitioner maintains that N.W. has made tremendous progress in life and has a bright future ahead of him. I am also aware of the social stigma that a diagnosis of autism carries with it, and it is not too farfetched to imagine a situation where easy public access to N.W.'s medical information might negatively impact him.

The redaction of Vaccine Program captions and decisions should not occur simply because a claimant wishes it done – for that would reduce the redaction standard to one resting on the whims of the petitioner (and/or her assertiveness in requesting this relief). Many petitioners could make a similar argument to what is being advanced herein – but because they often do not request redaction, such relief is not granted. I therefore have some reluctance to permit redaction simply because a party desires it. However, in this particular case Petitioner has substantiated her request with a credible rationale. *See,* e.g., *K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015

---

[3] I also observe that the case was dismissed in a little over a year. It is the practice of special masters to "unredact" minor's names once they reach maturity, especially when the matter is going to trial and the real party in interest needs to be identified. But the footing of this case would not have led to that action – and therefore had this case been filed in the past eight years, Petitioner's son's name would have remained redacted.

WL 11882259, at *2 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (finding that Petitioner made a sufficient showing for redaction by indicating how the redacted information might harm her future employment interests). Sensitivity to N.W.'s particular professional and educational concerns in this instance outweighs the competing interest in disclosure – especially in light of the posture of this case. Accordingly, I find that Petitioner has made a sufficient showing for redaction.

Petitioner suggests three courses of action that could be taken in response to her motion: 1) redact the Decision entirely; 2) amend the caption; and/or 3) seal the records such that confidential medical information is not available online. Mot. at 2. The first option is no longer feasible given the untimely nature of this request. Vaccine Rule 18(b) provides the parties <u>14 days</u> within which to request a redaction of any confidential medical information, and the E-Government Act of 2002, 44 U.S.C. § 3501, mandates that all rules be posted to the website of the United States Court of Federal Claims. Given that Petitioner was given the necessary 14-day window to propose redactions but did not do so, there is nothing at this time that can be done to remove the decision from the Court's website. The third option is similarly unfeasible for the same reasons – I cannot subvert the requirements of the E-Government Act by re-sealing a decision nearly 10 years after it was issued. The overall untimeliness of this request prevents such relief so long after judgment has been entered.

That leaves the second option as the only appropriate remedy under the circumstances. If Petitioner's name were redacted in the case caption, and thus from the caption of CM/ECF online, the new redacted caption would appear on the Court's website. This may reduce the possibility that a simple Internet search would lead directly to the unredacted decision posted online (although it is not a guarantee that the decision will never be seen or accessed by anyone). Additionally, because N.W. has reached the age of majority, I find that the caption can properly be amended to reflect his redacted name and his alone – it is no longer necessary to include Ms. Wachol's name in the caption.

## CONCLUSION

For the reasons set forth above, I hereby determine that Petitioner has established grounds for amending the caption for this case to refer to her son (who is retrospectively the proper party in interest) only by his initials, and I therefore **GRANT** the motion in part. The clerk is directed to amend the case caption to the following:

```
* * * * * * * * * * * * * * * * * * * * * * * *
N.W.,                                          *
                                               *
                Petitioner,                    *
                                               *
        v.                                     *
                                               *
SECRETARY OF HEALTH AND                        *
HUMAN SERVICES,                                *
                                               *
                Respondent.                    *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Special Master
