# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 07-93V
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
N.W.,

            Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

           Respondent.
* * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Dated: March 18, 2019

Attorney's Fees.

*Scott W. Rooney*, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.

*Linda S. Renzi*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEY'S FEES[1]

On February 8, 2007, A.W. filed a petition on behalf of her minor child, N.W., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] ECF No. 1. A dismissal decision was issued on May 14, 2008 (ECF No. 27), and this case was closed on June 18, 2008. Almost ten years later, Petitioner sought to re-open the matter, seeking redaction of the May 2008 dismissal decision. Pet'r's Mot. to Amend & Redact Pursuant to Rule 18, filed Feb. 21, 2018 (ECF No. 20) ("Redaction Motion"). I granted Petitioner's Motion in an

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Order dated July 13, 2018 (ECF No. 26), and reissued the 2008 Decision with the requested redactions.

On December 31, 2018, Petitioner filed a Motion seeking attorney's fees for the preparation of the Redaction Motion by Petitioner's counsel, Mr. Scott W. Rooney. *See generally* Mot. for Att'y Fees (ECF No. 29). Petitioner requests attorney's fees in the amount of $1,050.00, representing three hours of work by Mr. Rooney at a rate of $350 per hour. *Id.* at 2. Respondent reacted to the motion, representing that the statutory and other legal requirements for an award of attorneys' fees and costs had been met, and otherwise deferring the calculation of a reasonable final award to my discretion. Response at 2–3, filed Mar. 11, 2019 (ECF No. 30).

## ANALYSIS

Even unsuccessful Vaccine Program petitioners are entitled by statute to an award of attorney's fees and costs, so long as their claims are brought in good faith and have a reasonable basis. Section 15(e)(1)(B). However, such awards must be "reasonable." *Id.* Special masters have wide discretion in determining what constitutes a reasonable award, and may reduce the requested amount even in the absence of objections from Respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Determining the appropriate amount of an attorney's fees award is a two-step process. First, the special master employs the lodestar method to calculate a base award—that is, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the special master may adjust this base award as he sees fit based on certain relevant factors. *Avera*, 515 F.3d. at 1348. This standard for calculating a fee award applies in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

I have previously found that Mr. Rooney is entitled to a rate of $350 per hour for work performed in 2018. *Parlette v. Sec'y of Health & Human Servs.*, No. 17-1227V, 2018 WL 7201927, at *2 (Fed. Cl. Spec. Mstr. Dec. 27, 2018). Consistent with my prior reasoning, I will award the rate requested.

After the appropriate hourly rate is determined, the special master must also consider the reasonableness of the total hours expended. *Sabella*, 86 Fed. Cl. at 205–06. This inquiry mandates consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

Although Petitioner did not submit detailed, itemized billing logs for Mr. Rooney's work in this case, I find three hours of work to be reasonable for the preparation of the Redaction Motion. As I find both the requested rate and the hours expended to be reasonable in light of counsel's experience and the work performed in this case, I will award the requested attorney's fees in full, an award of **$1,050.00**.

## CONCLUSION

In light of my above reasoning, I **GRANT** Petitioner's Motion, and award a total of **$1,050.00**, as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Scott W. Rooney, Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.